*451 OPINION of the Court, by
Judge Owsley.
This is an appeal from the decree of the court below entered in favor of the appellee in a suit brought by him in that court against the appellant.
The bill in substance charges, that William Kenton, the appellee, being indebted to Simon Kenton, the appellant, in 1785 executed to him an absolute bill of sale for a negro woman named Priss; but that it was at the time understood and agreed between them that William should continue to hold the possession of the negro, and that the bill of sale, though absolute upon its face, should have the force of a mortgage only, to secure the payment of the debt due to Simon, and subject at any time to a redemption upon the payment of the debt: that William accordingly held the possession of the negro for a num-her of years thereafter, and whilst he was so possessed, *452 in 1798, paid the debt to Simon ; and supposing the bill of sale no longer operative, failed to have it cancelled : that some time thereafter Simon Kenton executed a deed of trust for the negro to John Kenton, who without the assent of William obtained the possession of her, and thereafter in virtue of the trust sold her and her children to the appellant Blanchard for a valuable consideration, but who the bill charges had full knowledge of the Payment by William to Simon before his purchase. 'he bill, moreover, after stating various interrogatories for the appellants to answer, asks for a restoration of the negroes, a compensation for their services, and for a' cancelment of the bill of sale.
Assuming as true every allegation contained in tbe bill, no reason can be perceived for the interposition of a court of equity. Although the appellants are called upon to answer various interrogatories, yet as the bill contains no suggestion of an inability in the appellee to prove by other evidence the farts charged, it cannot be denominated a bill of discovery, but must be considered as an original bill filed for relief. As a bill of that character, we are clearly of opinion it cannot be maintain* ed.
If it be true the negro woman was mortgaged by William to Simon Kenton, and that William has since paid the money for which the mortgage was given, it is perfectly clear that William, upon making the payment, became vested with the legal right to the negroes ; and as such had a perfect and adequate remedy at law to recover them from any person in whose possession they might be. — 5 Com. Dig. 99.
The circumstance of the bill of sale, which is charged in the bill to have been understood by the parties to have the operation of a mortgage only, being absolute upon its face, cannot, we apprehend, in anywise tend to translate the contest from a court of law to a court of equity. The rules of evidence are certainly the same in both courts; and if it would be competent in a court of equity by the introduction of pqrol evidence to prove the bill of sale a mortgage, it would be equally so in a court of law; and if competent in a court of law, the mortgage, when proven, must of necessity be subject to all the legal consequences of other mortgages, and consequently jiable to be defeated by proof of the payment of the money for which it was given.
*453 Nor can it have been necessary to resort to a court of equity for the purpose of obtaining a cancelment-of the ■writing: for if, as is charged, it be considered a mortgage, and if, as we have shown, by so considering it the payment of the money gave the appellee a legal right to the negroes, that right most indubitably might be asserted in a court of law without an actual cancelment of the "writing.
The decree of the court below giving relief to the ap-pellee must therefore be reversed with costs, the cause remanded and the bill dismissed with costs.